United States Court of Appeals,

Fifth Circuit.

No. 94-41004

Summary Calendar.

Lee A. HEBERT, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

June 5, 1995.

Appeal from the United States District Court for the Eastern District of Texas.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Lee A. Hebert ("Hebert") appeals the district court's dismissal of his Suits in Admiralty Act claim for lack of subject matter jurisdiction. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 5, 1991, Hebert was allegedly injured on a vessel owned by the United States. On September 18, 1993, he filed an administrative claim with the Maritime Administration ("MARAD") seeking relief for his injuries. On November 4, 1993, Hebert filed this action in the United States District Court of the Eastern District of Texas seeking relief for his injuries. Because Hebert's administrative claim had not been disallowed and Hebert did not receive notice of the disallowance of the administrative claim before filing this action, the district court granted a motion filed by the United States to dismiss for lack of subject matter jurisdiction. Hebert appeals.

## LAW AND ARGUMENT

Admiralty suits brought pursuant to the Suits in Admiralty Act against the United States may be brought only "within two years after the cause of action arises." 46 U.S.C.App. § 745. The Clarification Act, 50 U.S.C.App. § 1291, amended the Suits in Admiralty Act. Regulations promulgated in accordance with these statutes provide that an admiralty proceeding may be filed against the United States only after an administrative claim has been filed and disallowed. 46 C.F.R.

§ 327.3.[1] Notice of the allowance or disallowance of a claim is given in writing by mail or by personal delivery. 46 C.F.R. § 327.6. The regulations also provide that, absent written notice, an administrative claim is presumed disallowed by the passage of 60 days after receipt of the claim by MARAD. 46 C.F.R. § 327.7. We review *de novo* a district court's granting of a motion to dismiss for lack of subject matter jurisdiction. *Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1992).

## I.

 Hebert contends that the district court erred in dismissing the action because he substantially complied with the requirements of the Suits in Admiralty Act and the Clarification Act. Hebert argues that he attempted to comply with the spirit of the law in filing both an administrative claim and a lawsuit before the expiration of two years. Finally, Hebert notes that legislation in favor of seamen has historically and consistently been construed liberally. Further, the Clarification Act was intended to give seamen injured on vessels owned by the United States the same rights as those injured on a private vessel. Here, Hebert concludes, if he had been injured on a private vessel, he would not have faced such obstacles.

Hebert, however, does not challenge the express requirement that a claimant may not file an action in federal court unless his administrative claim has been disallowed. Substantial compliance is not enough. Because the Suits in Admiralty Act waives the sovereign immunity of the United States, such actions must be brought in strict conformity with the act. *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951). Although the result of the Clarification Act in this case may appear inconsistent with its purpose, we are not at liberty to change clear terms of the Clarification Act which preclude the filing of a Suits in Admiralty Act claim until the administrative claim has been filed and disallowed.

Hebert's argument that the only reason why he filed the action before the claim was administratively disallowed was because the statute of limitations was about to expire is also not persuasive. Hebert filed his administrative claim less than 60 days before the expiration of the statute

---

[1]The specific provision of § 327.3 provides as follows: "All claims specified in 50 U.S.C.app. 1291(a)(2) and (3) ... shall be submitted for administrative consideration ... prior to institution of court action thereon."

of limitations for his legal claim. As the district court noted, "the real problem is that Hebert waited too long to file his administrative claim thereby placing himself in this procedural predicament." Because strict conformity is necessary, we do not find that Hebert has stated a basis for relief.

## II.

Hebert next contends that he complied with the exhaustion requirements because his administrative claim was denied in part before he filed the instant action. He bases this assertion on a note stating, "This is way off," written in the margin of his claim. The regulations, however, provide that notice of the administrative claim being disallowed will be given in writing, and Hebert never received any such notice. Nor had 60 days passed from MARAD's receipt of the claim. Thus, his administrative claim had not been disallowed.

Hebert then argues that the note indicates an intent to deny his claim and that MARAD was able to sit on the claim and watch the statute of limitations expire. Hebert argues that he should not be punished for MARAD's inaction and failure to timely notify him. Hebert, however, does not present any evidence in support of his claim that the note in the margin was indicative of the formal decision of MARAD. Further, there is no support for Hebert's argument that MARAD failed to timely notify Hebert, as the 60-day time period for notification had not yet expired. Accordingly, we find no merit in Hebert's contentions.

## III.

Finally, Hebert argues that the statute of limitations should be tolled for 60 days pending the resolution of administrative claims. Hebert notes that the unintended result of Congress's passage of the Clarification Act was to shorten the time period for filing suit to 22 months. However, we cannot consider an issue not raised by the facts of the case. *Carpenter v. Wichita Falls Independent School Dist.,* 44 F.3d 362, 368 n. 5 (5th Cir.1995). Hebert's action was prematurely filed in the district court before it was administratively disallowed and before the expiration of the statute of limitations. Hebert's issue with respect to tolling could arise only if Hebert had not filed this action until after his claim was administratively disallowed and after the expiration of the statute of limitations.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of this action.