United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11086
Summary Calendar
_____

MICHAEL LEE HASTEY,

Plaintiff-Appellant,

versus

GEORGE W. BUSH, JR. PRESIDENT OF THE UNITED STATES;
JOHN ASHCROFT, U.S. ATTORNEY GENERAL; LARRY COMBEST, Chairman of
the House Agriculture Committee,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-88-C
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Lee Hastey appeals the dismissal of his complaint

pursuant to a FED. R. CIV. P. 12(b)(1) motion to dismiss for lack

of subject-matter jurisdiction. We AFFIRM.

"[B]efore a federal court can consider the merits of a

legal claim, the person seeking to invoke jurisdiction of

the court must establish the requisite standing to sue."

Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990). To establish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

standing, a plaintiff must show, *inter alia*, that he has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical. <u>McClure v. Ashcroft</u>, 335 F.3d 404, 409 (5th Cir. 2003). A plaintiff cannot establish standing simply by claiming an interest in governmental observance of the Constitution, he must set forth instead a particular and concrete injury to a personal constitutional right. <u>Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 482 (1982).

Hastey has failed to identify how the enactment of animal-rights legislation has interfered with his constitutional rights. He thus has failed to meet his burden of establishing standing. See <u>Valley Forge</u>, 454 U.S. at 482; <u>see</u> <u>also</u> <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001) (the party asserting jurisdiction bears the burden of proof). The district court did not err by granting the defendants' motion to dismiss. See <u>Hebert v. United States</u>, 53 F.3d 720, 722 (5th Cir. 1995) (grant of a FED. R. CIV. P. 12(b)(1) motion for lack of subject-matter jurisdiction is reviewed *de novo*).

Although he alleges judicial bias, Hastey has not identified any ruling by the court, other than the grant of the motion to dismiss, in support of his claim. Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.

See <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). Hastey has not shown that either situation applies here. Because we AFFIRM the dismissal of the complaint for lack of subject-matter jurisdiction, we do not address Hastey's argument that the animal-rights legislation at issue violates the Constitution.

AFFIRMED.