**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-51264
Summary Calendar
_____

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, Local 1617; ARTHUR
CELESTINO;, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, Council
Number 214,

Plaintiffs - Appellants,

versus

FEDERAL LABOR RELATIONS AUTHORITY,

Defendant - Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas, San Antonio
Civil Action No. SA-03-CV-58
_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants, the American Federation of Government Employees

Local 1617 ("Local 1617"), Arthur Celestino, and American

Federation of Government Employees Council Number 214 ("Council

Number 214"), sued the Federal Labor Relations Authority ("FLRA")

in district court, alleging that the FLRA exceeded its authority

in overruling an arbitration decision.  Appellants' suit was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

dismissed for lack of subject matter jurisdiction. For the following reasons, this court AFFIRMS the district court's judgment dismissing Appellants' lawsuit.

**Background**

Local 1617 and Council Number 214 represent employees of the United States Department of the Air Force, San Antonio Air Logistics Center, Kelly Air Force Base, San Antonio ("Agency"). Appellant Celestino was an employee of the Agency. At all relevant times, relations between Appellants and the Agency were covered by the Master Labor Agreement ("MLA"). In April 1999, employees of the Agency, who were represented by Local 1617, brought a grievance against the Agency alleging that they were entitled to Environmental Differential Pay ("EDP") because of exposure to asbestos. The Agency denied the grievance.

Local 1617 invoked arbitration, as authorized by the MLA. After a lengthy arbitration, the arbitrator ruled that the employees were entitled to limited EDP.

Appellants and the Agency filed exceptions to the arbitration award with the FLRA, under 5 U.S.C. § 7122. The FLRA is an independent agency whose responsibilities include resolving exceptions to arbitration awards. The FLRA set aside the arbitration award, finding that the award was deficient. Appellants moved for reconsideration. The FLRA denied that motion.

-2-

Appellants sued FLRA, alleging that FLRA had violated the Federal Labor Management Relations Act[1] when it overturned the arbitrator's decision. FLRA moved under FED. R. CIV. P. 12(b)(1) to dismiss for lack of subject matter jurisdiction. Appellants moved for summary judgment. The district court granted FLRA's Rule 12(b)(1) motion, denied Appellants' motion for summary judgment, and entered a judgment dismissing Appellants' lawsuit. Appellants timely appealed.

**Discussion**

<u>Standard of review</u>

This court reviews *de novo* the grant of a Rule 12(b)(1) motion.[2] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction;[3] in this case, the Appellants. A Rule 12(b)(1) motion may be granted only when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief.[4] For purposes of analyzing a Rule 12(b)(1) motion this court takes the plaintiff's alleged facts as true.[5]

---

[1] 5 U.S.C. § 7101 *et seq.*

[2] *Hebert v. United States*, 53 F.3d 720, 722 (5th Cir. 1995).

[3] *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936).

[4] *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

[5] *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

<u>Jurisdiction to review FLRA decisions</u>

The FLRA may change an arbitrator's award if it finds the award is deficient: "(1) because it is contrary to any law, rule or regulation; or (2) on other grounds similar to those applied by Federal courts in private sector labor-management relations."[6] There is no statutory provision providing for review of the FLRA's decisions on arbitration awards.[7] Appellants argue that despite the lack of a provision for federal court review of the FLRA's decisions, the district court had jurisdiction to hear this case under the Supreme Court's decision in *Leedom v. Kyne*.[8]

In *Leedom*, a group of professional employees objected to a decision of the National Labor Relations Board ("NLRB") that combined professional and non-professional employees into one bargaining unit.[9] The employees sued the NLRB in district court, alleging that the NLRB had violated a National Labor Relations Act provision explicitly prohibiting such combinations without prior approval of the professional employees.[10] The district

---

[6] 5 U.S.C. § 7122 (a).

[7] As a general matter, parties may seek review of FLRA decisions in federal courts of appeals. 5 U.S.C. § 7123 (a). However, they may not seek review of final FLRA decisions about arbitrator's awards unless the order involves an unfair labor practice. *Id.*

[8] 358 U.S. 184 (1958).

[9] *Id.*

[10] *Id.*

-4-

court found that jurisdiction existed, and the circuit court affirmed that decision.[11]  The Supreme Court also affirmed jurisdiction, finding that the NLRB had acted "in excess of its delegated powers and contrary to a specific prohibition in the [National Labor Relations Act]."[12]  The Court reasoned that if it found jurisdiction did not exist, then the rights of the professional employees would be sacrificed, and that "where, as here, Congress has given a 'right' to the professional employees it must be held that it intended that right to be enforced . . . ."[13]

This exception, however, is very narrow.  In *Boire v. Greyhound Corporation*, the plaintiffs attempted to challenge a NLRB finding that independent contractors were employees of the hiring corporation, despite a National Labor Relations Act statute excluding independent contractors from the definition of employee. [14]  In *Boire*, the Supreme Court held that deciding whether someone met the definition of employee was a factual question and that there was no federal jurisdiction to review such a decision.[15]  The Court explained that the *Leedom* exception

---

[11] *Id.*

[12] *Id.* at 184.

[13] *Id.* at 185.

[14] 376 U.S. 473 (1964).

[15] *Id.*

is a narrow one, not to be extended to permit plenary district court review of [NLRB] orders . . . whenever it can be said that an erroneous assessment of the particular facts before the [NLRB] has led it to a conclusion which does not comport with the law.[16]

In *Board of Governors of the Federal Reserve System v. MCorp Financial, Inc.*, the Supreme Court held that jurisdiction existed to review an agency action alleged to have exceeded the agency's statutory authority.[17]  The Supreme Court found that there was no jurisdiction where the agency's authorizing statute indicated a congressional intent to deny district court review, and the statute provided a meaningful and adequate opportunity for judicial review.[18]

This court has analyzed the *Leedom* exception and explained that it is "narrow and rarely used."[19]  Further, the exception should be used to correct only egregious error, and does not allow federal courts to review whether an agency responsible for implementing a statute has misinterpreted that statute.[20] Instead, the *Leedom* exception allows jurisdiction "only in a very narrow situation in which there is a plain violation of an

---

[16] *Id.* at 481-481.

[17] 501 U.S. 32 (1991).

[18] *Id.*

[19] *Russell v. Nat'l Mediation Bd.*, 714 F.2d 1332, 1340 (5th Cir. 1983).

[20] *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 292 (5th Cir. 1999).

unambiguous and mandatory provision of the statute."[21]
Appellants argue that the FLRA decision fits into this narrow
category of violations.  Under the *Leedom* exception, jurisdiction
will exist only if FLRA plainly violated unambiguous and
mandatory statutory provisions.[22]  As explained below, Appellants
have not shown that the FLRA's decision violated any statutory
provision.

<u>Propriety of the FLRA decision under 5 U.S.C. § 7122(a)(2)</u>

Appellants contend that the FLRA violated 5 U.S.C. §
7122(a)(2) by overturning an arbitrator's award.  Specifically,
Appellants argue that FLRA should have given special deference to
the arbitration award because it was based on the arbitrator's
interpretation of a collective bargaining agreement.

Section 7122 provides that:

(a) Either party to arbitration under this chapter may
file with the [FLRA] an exception to any arbitrator's
award pursuant to the arbitration . . . .  If upon
review the [FLRA] finds that the award is deficient –

> (1) because it is contrary to any law, rule, or
> regulation; or
> (2) on other grounds similar to those applied by
> Federal courts in private sector labor-management
> relations;

the [FLRA] may take such action and make such
recommendations concerning the award as it considers
necessary, consistent with applicable laws, rules, or
regulations.

---

[21] *Herman*, 176 F.3d at 293.

[22] *See id.*

The FLRA found that the award was deficient because it was contrary to law. The FLRA maintains that while it overturned the arbitrator's legal conclusions, it deferred to the arbitrator's findings of fact. Pursuant to § 7122(a)(1), the FLRA is authorized to change an arbitrator's award if the FLRA finds the award is contrary to any law, rule, or regulation.[23] In fact, the District of Columbia Circuit has held that if an arbitrator's award is challenged because it is contrary to a law, rule or regulation, the FLRA must conduct a *de novo* review.[24]

The FLRA decision references the arbitrator's findings that the parties to arbitration had not agreed to a specific standard for entitlement to EDP. Based on this finding, the arbitrator concluded that there was a conflict between the Agency's regulations and the MLA between the parties. The arbitrator next held, as required when a regulation conflicts with a labor agreement,[25] that the regulation could not be applied. The FLRA decision does not challenge the arbitrator's finding that the MLA did not specify an EDP threshold. Rather, FLRA contends that the arbitrator was wrong to dismiss the Agency's regulations when the

---

[23] *U.S. Dep't of Treasury v. Fed. Labor Relations Auth.*, 43 F.3d 682, 686-87 (D.C. Cir. 1994).

[24] *Id*. at 686-87*.*

[25] *See U.S. Dep't of the Army, Ft. Campbell Dist., Third Region, Ft. Campbell, Ky.,* 37 FLRA 186, 195 (1990).

MLA did not present any regulations of its own that could have conflicted with the Agency's regulations.

In response, Appellants argue that the lack of an agreement on specific regulations means that the threshold for EDP was to be set on a case-by-case basis. To support this point, they quote the arbitrator's finding that the Union representing the Agency employees specifically bargained to avoid including an EDP threshold in the MLA, so that EDP could be awarded on a case-by-case basis. Contrary to Appellants' assertions, however, this finding relates to the Union's bargaining position, not the binding final product of that bargaining – the MLA. Appellants do not cite any requirement in the MLA that EDP is to be determined on a case-by-case basis, nor do they assert that the arbitrator found such a requirement. The arbitrator's findings about the Union's bargaining goals are irrelevant to determining whether the MLA conflicts with Agency regulations.

Therefore, FLRA did not contradict a factual finding by the arbitrator when it determined that the MLA was silent on the appropriate method of determining EDP. Rather, FLRA applied its own review of the applicable law. The FLRA's binding precedent dictates that in the absence of an agreed-upon regulation the Agency's own regulation governs.[26] Thus, FLRA acted within its

---

[26] *U.S. Dep't of the Army, Fort Campbell Dist., Third Region, Fort Campbell, Ky.*, 37 FLRA 186, 195 (1990)(agency rules and regulations "govern the disposition of matters to which they apply . . . when the rules and regulations do not conflict with

authority in determining that Agency regulations govern the assessment of EDP in this case, where there was no other agreement governing that assessment. This court does not have jurisdiction over FLRA decisions that are made pursuant to FLRA's authority.

### The FLRA decision and congressional intent

Appellants next contend that congressional intent will be thwarted unless courts have subject matter jurisdiction to review FRLA decisions about arbitration awards. Appellants maintain that without district court review there will be no mechanism to ensure that FLRA does not reach beyond what Congress intended to be its very limited right to alter arbitration awards. Appellants do not cite any legislative history to support this position. Rather, they argue that as a general matter, expedition of dispute resolution and the finality of arbitration decisions would be undermined without district court review of FLRA decisions.

Appellants cite a series of three Supreme Court opinions, the *Steelworkers Trilogy*,[27] to support the proposition that employment arbitrations are to be given a high degree of

---

provisions of an applicable collective bargaining agreement").

[27] *United Steelworkers v. Am. Mfg. Co.,* 363 U.S. 564 (1960); *United Steelworkers v. Enter. Wheel & Car Corp.,* 363 U.S. 593 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574 (1960).

deference.  The *Steelworkers Trilogy* opinions, however, deal with federal court review of employment arbitration decisions, not federal court review of FLRA decisions.  The *Steelworkers Trilogy* opinions do not provide guidance on this court's jurisdiction over FLRA decisions.  Instead, this court must rely on the statutory language that specifically explains when review is appropriate.

Appellants' argument about congressional intent is unconvincing in light of the statutory scheme surrounding the FLRA.  Congress explicitly provided for review of FLRA decisions under 5 U.S.C. § 7123.  This provision also prohibits review when the FLRA decision involves an order by an arbitrator, unless the order involves an unfair labor practice.  Section 7123 evidences Congress's intent that only certain FLRA decisions should be reviewed.  There is no reason to assume a different congressional intent from that stated on the face of the statute.  Therefore, this court finds it does not have jurisdiction to hear this case based on congressional intent.

Propriety of the FLRA decision under 5 U.S.C. §7101

Lastly, Appellants argue that the FLRA decision undermined all collective bargaining and therefore violated 5 U.S.C. § 7101. This argument essentially reiterates Appellants' argument asserting that the FLRA violated 5 U.S.C. § 7122.  Appellants contend that the FLRA undermined collective bargaining by

replacing an agreed-upon rule with a rule created by an agency.
As discussed above, there is no evidence that the MLA included a
rule specifying when to award EDP pay, nor did the arbitrator
conclude that there was such a rule.  Therefore, Appellants'
argument that an agreed-upon rule was ignored fails.  There is no
jurisdiction for this court to hear this appeal based upon a
violation of 5 U.S.C. § 7101.

**Conclusion**

Appellants fail to demonstrate that FLRA plainly violated a
mandatory and unambiguous statutory provision.  Accordingly, the
district court correctly found that it lacked subject matter
jurisdiction over the dispute and dismissed the case under Rule
12(b)(1).  Therefore, this court AFFIRMS the district court's
judgment dismissing Appellants' lawsuit.

AFFIRMED