# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2010

No. 09-51001
Summary Calendar

Lyle W. Cayce
Clerk

HERIBERTO HUERTA,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; MICHELLE LEONHART, Acting
Administrator of the United States Drug Enforcement Administration,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-432

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

As part of a civil forfeiture proceeding, Drug Enforcement Administration ("DEA") agents seized the money in federal inmate Heriberto Huerta's prison trust account. The agents believed that Huerta's account contained drug trafficking proceeds. According to Huerta, DEA agents also raided the homes and businesses of his friends and family in an effort to isolate him from persons

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

who were communicating with him and depositing money into his trust account. On November 16, 2005, about three months after the seizure and alleged raids, Huerta mailed a letter to DEA's seizure counsel complaining that his funds had been seized in reliance on improper evidence. A federal district court judge later dismissed the forfeiture action on the government's motion for voluntary dismissal in December 2006. Huerta's funds were refunded.

Alleging that the government tortiously seized the money in his trust account, Huerta filed an administrative complaint with DEA on November 28, 2008. Huerta initiated this Federal Tort Claims Act ("FTCA") proceeding after DEA failed to respond to his complaint. The district court dismissed Huerta's claim for lack of subject matter jurisdiction because his administrative complaint was untimely. Huerta appealed. "We review *de novo* a district court's granting of a motion to dismiss for lack of subject matter jurisdiction." *Hebert v. United States*, 53 F.3d 720, 722 (5th Cir. 1995) (per curiam). For the following reasons, we affirm.

1. The FTCA applies a two year statute of limitations that runs from the date a cause of action accrues. *See* 28 U.S.C. § 2401(b). A cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999) (quotation omitted). An FTCA claimant's awareness of an injury involves two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). Huerta's claim accrued no later than November 16, 2005, the date of his letter to DEA's seizure counsel complaining that his funds had been illegally seized. The November 2005 letter demonstrates that Huerta knew of the alleged illegal seizure and the agency responsible on

2

that date.  The district court therefore correctly determined that Huerta's claim was "forever barred" because this letter was written more than two years before Huerta filed his administrative complaint.   28 U.S.C. § 2401(b).

2.  Huerta argues that the seizure of his funds constituted a "continuing tort" that tolled the limitations period because he was deprived of his money every day that it was not in his possession.  The argument has no merit, as the district court concluded.  The government seized his money once.   Though Huerta experienced the consequences of that injury afterwards, the continued poverty he alleges does not convert the one-time seizure into an ongoing tort.

3.  In a related argument, Huerta maintains that his cause of action did not accrue until the government moved to voluntarily dismiss the forfeiture proceeding in December 2006 because "untruthful and perjuring statements" by the government and its agents prevented him from accessing his funds until that point.   Apart from his conclusory allegations, Huerta has not identified any fraudulent conduct by the United States or its agents that would support his contention that the government prevented him from discovering information necessary to file his administrative complaint with the DEA.

4.  Huerta's arguments that the limitations period should be tolled during the forfeiture proceeding or under the "doctrine of fraudulent concealment" are waived because he did not make them before the district court.  *See LaMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

AFFIRMED.