# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

*No. 19-20513*
*Summary Calendar*

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2020

Lyle W. Cayce
Clerk

In the Matter of:  Herman E.  Hoffman

　　　　　Debtor

HERMAN E. HOFFMAN, JR.

　　　　　Appellant

v.

HOUSTON SOCIETY FOR THE PREVENTION OF CRUELTY TO
ANIMALS

　　　　　Appellee

-----------------------------------------------------------

Consolidated with: 19-20515

HERMAN HOFFMAN; KATHLEEN HOFFMAN,

　　　　　Plaintiffs - Appellants

v.

GORDON WELCH, In his individual capacity; DEBORAH MICHIELSON, In
her individual capacity; J. D. LAMBRIGHT; STUART HUGHES; RONALD
CHIN; WAYNE MACK; MICHAEL SEILER; MONTGOMERY COUNTY,
TEXAS; HOUSTON SOCIETY FOR THE PREVENTION OF CRUELTY TO
ANIMALS; BRETT LIGON,

　　　　　Defendants - Appellees

No. 19-20513 c/w
No. 19-20515

———————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-787
USDC No. 4:17-CV-2332

———————————

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Herman and Kathleen Hoffman challenge the district court's dismissal of their suit against the Houston Society for the Prevention of Cruelty to Animals (HSPCA) and Texas county and state officials for unlawful search and seizure under 42 U.S.C. § 1983. We AFFIRM.

The Hoffmans owned 211 horses, many of which had been starved and mistreated. Leslie Maybin worked for the Hoffmans from 2010 to 2014 and was owed years of wages. When Maybin returned to work for the Hoffmans on June 22, 2015, the Hoffmans presented him with a bill of sale for ten horses, which Maybin explained was payment for wages owed. The county seized the remaining horses two days later, under an ordinance allowing for the seizure of mistreated horses.

The Justice of the Peace Court, after finding that the horses had been starved and mistreated, then transferred title in the horses to the HSPCA. The County Court at Law affirmed this judgment. The U.S. Supreme Court denied certiorari. *Hoffman v. Texas*, 136 S. Ct. 899 (2016) (mem.).

On May 19, 2016, Herman Hoffman filed a voluntary petition under Chapter 12 of the Bankruptcy Code. He also filed an adversary proceeding against Maybin, the HSPCA, and the county and state officials who defended the county's actions in seizing the horses. The bankruptcy court dismissed Hoffman's adversary proceeding.

No. 19-20513 c/w
No. 19-20515

Hoffman next appealed the bankruptcy court's judgment. In addition, both Herman and Kathleen Hoffman sued the HSPCA and Texas county and state officials in their individual and official capacities under § 1983. After conducting a hearing, the district court dismissed Hoffman's case against Maybin on grounds that Hoffman had no right to the horses or their value. It also dismissed both his adversary proceeding against the HSPCA and Texas officials and the Hoffmans' § 1983 suit. The court held, *inter alia,* that the Hoffmans' § 1983 claims were time-barred. The Hoffmans now appeal the dismissal of their § 1983 claim.[1]

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo. *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018). Because § 1983 does not prescribe a statute of limitations, courts "must borrow the relevant state's statute of limitations for personal injury actions." *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). Texas has a two-year statute of limitations for conversion of property claims. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. Federal law determines when a cause of action under § 1983 accrues. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). We have held the limitations period begins to run once the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995) (citation omitted). Accordingly, the clock here began to run at the moment Texas officials first seized the Hoffmans' horses.

---

[1] The Hoffmans also appealed the dismissal of their adversary cases against the HSPCA and the Texas county and state officials (No. 19-20513), and against Maybin. This court has already affirmed the bankruptcy court's findings in the latter. *See Matter of Hoffman,* 795 F. App'x 291 (5th Cir. 2020) (per curiam). The former remains pending.

No. 19-20513 c/w
No. 19-20515

In their complaint, the Hoffmans allege that the seizure occurred on June 24, 2015. The Hoffmans thus had to bring their claim no later than June 26, 2017.[2] They first filed suit on July 31, 2017—over a month after the two-year deadline had expired. The Hoffmans attempt to skirt around this by arguing the seizure of their horses was only finalized when the justice court divested them of ownership. Yet, even accepting this logic, the record makes clear the court issued its order on July 8, 2015, and thus the Hoffmans' claims would still be time-barred.[3] As such, the district court correctly held that the statute of limitations barred the Hoffmans' claims against both the HSPCA and Texas county and state officials.

AFFIRMED.

---

[2] Texas law requires a claim be brought "no later than the same calendar day two years following the accrual of the cause of action," which would make June 24, 2017, the final day the Hoffmans could file their claim. *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 893 (5th Cir. 2005). Because that date fell on a Saturday, however, the Hoffmans had until the following Monday (June 26) to file. FED. R. CIV. P. 6(a)(3)(A).

[3] The Hoffmans argue that the continuing tort doctrine applies here because the horses were never returned. The Supreme Court of Texas has "neither endorsed nor addressed" this doctrine. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017) (quoting *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 924 (Tex. 2013)). In any event, the search and seizure here—a single incident—does not amount to a continuing tort, one which would forever suspend the statute of limitations absent the horses' return. *See, e.g. Bloom v. Alvereze*, 498 F. App'x 867, 874 (11th Cir. 2012) (holding the refusal to return seized animals was not a continuous tort); *Huerta v. United States*, 384 F. App'x 326, 328 (5th Cir. 2010) (per curiam) ("the continued poverty . . . allege[d] does not convert the one-time seizure into an ongoing tort").

4