# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-20513 c/w
No. 19-20515
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2020

Lyle W. Cayce
Clerk

In the Matter of: Herman E. Hoffman

      Debtor

HERMAN E. HOFFMAN, JR.,

      Appellant

v.

HOUSTON SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS,

      Appellee

-------------------------------------------------------------------------------

Consolidated with: 19-20515

HERMAN HOFFMAN; KATHLEEN HOFFMAN,

      Plaintiffs - Appellants

v.

GORDON WELCH, In his individual capacity; DEBORAH MICHIELSON, In her individual capacity; J. D. LAMBRIGHT; STUART HUGHES; RONALD CHIN; WAYNE MACK; MICHAEL SEILER; MONTGOMERY COUNTY, TEXAS; HOUSTON SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS; BRETT LIGON,

      Defendants – Appellees

No. 19-20513 c/w
No. 19-20515

Appeals from the United States District Court
for the Southern District of Texas

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:

The earlier opinion issued April 1, 2020 is withdrawn by the panel, and the following is issued in its place.

In this consolidated action, Plaintiffs-Appellants Herman and Kathleen Hoffman challenge the district court's dismissal of their suit against the Houston Society for the Prevention of Cruelty to Animals (HSPCA) and Texas county and state officials for unlawful search and seizure under 42 U.S.C. § 1983. Herman Hoffman also appeals the dismissal of his adversary proceeding against the HSPCA alleging fraudulent transfer under 11 U.S.C. §§ 542, 548, and 550. For the reasons set forth below, we AFFIRM the district court's dismissals.

The Hoffmans owned 211 horses, many of which had been starved and mistreated. Leslie Maybin worked for the Hoffmans from 2010 to 2014 and was owed years of wages. When Maybin returned to work for the Hoffmans on June 22, 2015, the Hoffmans presented him with a bill of sale for ten horses, which Maybin explained was payment for wages owed. The county seized the remaining horses two days later, under an ordinance allowing for the seizure of mistreated horses.

The justice court, after finding that the horses had been starved and mistreated, then transferred title in the horses to the HSPCA pursuant to Chapter 821 of the Texas Health and Safety Code. The county court at law affirmed this judgment. The U.S. Supreme Court denied certiorari. *Hoffman v. Texas*, 136 S. Ct. 899 (2016) (mem.).

No. 19-20513 c/w
No. 19-20515

On May 19, 2016, Herman Hoffman filed a voluntary petition under Chapter 12 of the Bankruptcy Code. He also filed an adversary proceeding against Maybin and the HSPCA. The bankruptcy court, following a hearing, dismissed Hoffman's adversary proceeding. *In re Hoffman*, No. 16-32617, 2017 WL 727543, at *5 (Bankr. S.D. Tex. Feb. 23, 2017). It held that because Hoffman was divested of ownership of his horses, he had no standing to protest the subsequent transfer to the HSPCA under §§ 542, 548, and 550. *Id.* The court also held that issue preclusion and the *Rooker-Feldman* doctrine prevented Hoffman from relitigating his claims. *Id.* at *2 n.1, *5.

Hoffman next appealed the bankruptcy court's judgment. In addition, both Herman and Kathleen Hoffman sued the HSPCA and Texas county and state officials who defended Montgomery County's actions in seizing the horses in their individual and official capacities under § 1983. After conducting a hearing, the district court dismissed Hoffman's case against Maybin on grounds that Hoffman had no right to the horses or their value. *In re Hoffman*, No. AP 16-3222, 2019 WL 2501556, at *3 (S.D. Tex. June 14, 2019). The court also dismissed Hoffman's adversary proceeding against the HSPCA, affirming the bankruptcy court's holding. *Id.* Lastly, it dismissed the Hoffmans' § 1983 suit against the HSPCA and Texas county and state officials. The court held, *inter alia*, that the Hoffmans' § 1983 claims were time-barred. *Id.* at *4.

Now, the Hoffmans appeal the dismissal of their § 1983 claim, and Hoffman appeals the dismissal of his adversary proceeding against the HSPCA.[1] We address each claim in turn. We review a district court's grant of

---

[1] Hoffman also appealed his adversary claim against Maybin in a separate proceeding. This court has already affirmed the district court's judgment in that case. *See Matter of Hoffman*, 795 F. App'x 291 (5th Cir. 2020) (per curiam).

a motion to dismiss under Rule 12(b)(6) de novo. *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018).

Because § 1983 does not prescribe a statute of limitations, courts "must borrow the relevant state's statute of limitations for personal injury actions." *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). Texas has a two-year statute of limitations for conversion of property claims. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. Federal law determines when a cause of action under § 1983 accrues. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). We have held the limitations period begins to run once the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citation omitted). Accordingly, the clock here began to run at the moment Texas officials first seized the Hoffmans' horses.

In their complaint, the Hoffmans allege that the seizure occurred on June 24, 2015. The Hoffmans thus had to bring their claim no later than June 26, 2017.[2] They first filed suit on July 31, 2017—over a month after the two-year deadline had expired. The Hoffmans attempt to skirt around this by arguing the seizure of their horses was only finalized when the justice court divested them of ownership. Yet, even accepting this logic, the record makes clear the court issued its order on July 8, 2015, and thus the Hoffmans' claims would still be time-barred.[3] As such, the district court correctly held that the

---

[2] Texas law requires a claim be brought "no later than the same calendar day two years following the accrual of the cause of action," which would make June 24, 2017, the final day the Hoffmans could file their claim. *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 893 (5th Cir. 2005). Because that date fell on a Saturday, however, the Hoffmans had until the following Monday (June 26) to file. FED. R. CIV. P. 6(a)(3)(A).

[3] The Hoffmans argue that the continuing tort doctrine applies here because the horses were never returned. The Supreme Court of Texas has "neither endorsed nor addressed" this doctrine. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017)

statute of limitations barred the Hoffmans' § 1983 claims against both the HSPCA and Texas county and state officials.

Hoffman's adversary claims against the HSPCA alleging fraudulent transfer under §§ 542, 548, and 550 also fail. All U.S. courts must give the same full faith and credit to prior state court judgments. 28 U.S.C. § 1738. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). When giving preclusive effect to a state court judgement, we apply the preclusion rules of that state; accordingly, Texas rules apply. *In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005). Texas law dictates that issue preclusion requires (1) "the facts sought to be litigated in the second action were fully and fairly litigated in the first action," (2) "those facts were essential to the judgment in the first action," and (3) "the party *against whom* the doctrine is asserted was a party or in privity with a party in the first action." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994). Under the first factor, Texas courts consider whether the parties were fully heard, that the court supported its decision with a reasoned opinion, and that the decision was subject to appeal. *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991). Under the second factor, facts are essential when they are "necessary to form the basis of a judgment" in the first action. *Tarter v. Metro. Sav. & Loan Ass'n*, 744 S.W.2d 926, 928 (Tex. 1988).

---

(quoting *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 924 (Tex. 2013)). In any event, the search and seizure here—a single incident—does not amount to a continuing tort, one which would forever suspend the statute of limitations absent the horses' return. *See, e.g. Bloom v. Alvereze*, 498 F. App'x 867, 874 (11th Cir. 2012) (holding the refusal to return seized animals was not a continuous tort); *Huerta v. United States*, 384 F. App'x 326, 328 (5th Cir. 2010) (per curiam) ("the continued poverty . . . allege[d] does not convert the one-time seizure into an ongoing tort").

No. 19-20513 c/w
No. 19-20515

Issue preclusion bars Hoffman from relitigating the seizure and transfer of his horses. First, the finding of animal cruelty, which resulted in the horses' transfer to the HSPCA, was fully and fairly litigated. The justice court held a hearing before divesting Hoffman of the horses. Hoffman appealed this decision to the county court, which affirmed. He again sought review of the seizure when he filed a petition for writ of certiorari to the U.S. Supreme Court. Second, the court's finding that Hoffman should be divested of ownership after cruelly treating his horses was essential to the HSPCA's possession. *See* TEX. HEALTH & SAFETY CODE § 821.023(d)(2) ("If the court finds that the animal's owner has cruelly treated the animal, the owner shall be divested of ownership of the animal, and the court shall order the animal given to a . . . nonprofit animal welfare organization[.]"). Third, Hoffman was a party to the first action.

Hoffman contends issue preclusion cannot bar his claims because the justice court lacked jurisdiction under § 821.023 to issue a valid, final judgment. He argues that the "court of competent jurisdiction" in § 821.023 that made previous criminal findings must be the same court that conducts a subsequent hearing on divestment of ownership. While Hoffman is correct that § 821.023 does not explicitly specify that a justice court may conduct a disposition hearing, we agree with the bankruptcy court that the statute as a whole makes clear a justice court may do so. First, § 821.022(b) allows a justice court to conduct a hearing to determine whether an animal has been cruelly treated following seizure. Then, concerning appeals, § 821.025(a) states that an "owner divested of ownership of an animal under Section 821.023 may appeal the order to a county court or county court at law in the county *in which the justice or municipal court is located.*" (emphasis added). Lastly, if divestment results in an auction per § 821.023(d)(1), § 821.024(b) instructs that the "officer conducting the auction shall pay any excess proceeds *to the*

6

No. 19-20513 c/w
No. 19-20515

*justice or municipal court ordering the auction.*" (emphasis added). Because there was a valid, final judgment from the state court proceedings, the district court properly dismissed Hoffman's adversary claims under collateral estoppel.

AFFIRMED.