# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2024

Lyle W. Cayce
Clerk

No. 23-20342
Summary Calendar

---

Targeted Justice, Incorporated; Winter O. Calvert; Dr. Leonid Ber; Dr. Timothy Shelley; Karen Stewart; Armando Delatorre; Berta Jasmin Delatorre; J. D., *A minor*; Deborah Mahanger; L. M., *A minor*; Lindsay J. Penn; Melody Ann Hopson; Ana Robertson Miller; Yvonne Mendez; Devin Delainey Fraley; Susan Olsen; Jin Kang; Jason Foust; H. F.,

*Plaintiffs—Appellants,*

*versus*

Merrick B. Garland, *Attorney General of the United States, in his individual and official capacity*; Federal Bureau of Investigation; Christopher Wray, *Director of Federal Bureau of Investigations, in his individual and official capacity*; Charles Kable, Jr., *Director of the Federal Bureau of Investigation's Terrorist Screening Center, in his individual and official capacity*; United States Department of Homeland Security; Secretary Alejandro Mayorkas, *Secretary of the Department of Homeland Security, in his individual and official capacity*; Kenneth Wainstein, *Department of Homeland Security's Under Secretary for Intelligence and Analysis, in his individual and official capacity*,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1013

---

No. 23-20342

Before Dennis, Elrod, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs-Appellants are eighteen individuals and an organization, Targeted Justice, Inc. The Plaintiffs alleged the government illegally targeted, surveilled, and injured them with directed energy weapons and voice-to-skull technology. The Plaintiffs sued numerous federal government agencies and individual federal government officials in both their individual and official capacities for violations of the U.S. Constitution, the Administrative Procedure Act (APA), and the Privacy Act. The Plaintiffs sought a writ of mandamus, a preliminary and permanent injunction, declaratory relief, and damages.

In one order, the district court (1) granted the Defendants' motion to dismiss the constitutional and APA claims for lack of subject matter jurisdiction, lack of standing, lack of personal jurisdiction over the individual capacity Defendants, and failure to state a claim; (2) granted the Defendants' motion to dismiss the Privacy Act claims of most of the Plaintiffs without prejudice for failure to exhaust their administrative remedies;[1] (3) denied the Plaintiffs' request for a preliminary injunction; and (4) denied other outstanding motions as moot. The district court then stayed and administratively closed the case while the Plaintiffs exhausted their Privacy Act claims. The Plaintiffs appealed, challenging all of these rulings, as well as the district court's transfer of the case from the Victoria Division of the Southern District of Texas to the Houston Division earlier in the case.

We first have an independent obligation to assess our jurisdiction. *See, e.g.*, *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Defendants did not move to dismiss the remaining Privacy Act claims.

Cir. 2022). All of the orders that the Plaintiffs appeal are interlocutory, and we generally only have jurisdiction to review a district court's "final decision." 28 U.S.C. § 1291. However, as an exception to this general rule, we have jurisdiction over appeals from interlocutory orders denying a request for a preliminary injunction. 28 U.S.C. § 1292(a)(1); *Cardoni v. Prosperity Bank*, 805 F.3d 573, 579 (5th Cir. 2015). "That jurisdiction extends to other rulings that are inextricably intertwined with the injunction rulings." *Cardoni*, 805 F.3d at 579 (citing *Ali v. Quarterman*, 607 F.3d 1046, 1048 (5th Cir. 2010)). The district court denied the preliminary injunction because it had dismissed the APA claims, constitutional claims, and some Privacy Act claims, and because the Plaintiffs did not seek a preliminary injunction as to the remaining Privacy Act claims, which the court also alternatively found likely failed on their merits. We, therefore, have jurisdiction to review the district court's dismissal of the APA claims, constitutional claims, and Privacy Act claims because they are intertwined with the injunction ruling. *See id.*; *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 352–53 (5th Cir. 2004) (reviewing a district court's ruling that it lacked subject-matter jurisdiction because that ruling formed the basis of its decision to dissolve an injunction). However, we do not have jurisdiction to review the order denying outstanding motions as moot or the transfer of the case to Houston because they had no bearing on the injunction ruling.

We review a district court's ruling on a motion for a preliminary injunction for abuse of discretion. *Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418–19 (5th Cir. 2001) (citing *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). We review findings of fact for clear error and legal conclusions *de novo*. *Id.* at 419 (citing *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999)). Whether there is subject-matter jurisdiction and whether a plaintiff has stated a claim for relief are legal questions subject to

*de novo* review. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hebert v. United States*, 53 F.3d 720, 722 (5th Cir. 1995)).

A preliminary injunction is an "extraordinary remedy" and requires the plaintiff to prove: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm absent the injunction, (3) that the harm [they] will suffer without the injunction outweighs the cost to comply with the injunction, and (4) that the injunction is in the public interest." *Harrison v. Young*, 48 F.4th 331, 342, 339 (5th Cir. 2022) (first quoting *PCI Transp., Inc. v. Fort Worth & W.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005); and then citing *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017)).

First, the district court properly dismissed the individual Plaintiffs' constitutional and APA claims for lack of subject-matter jurisdiction because they are frivolous. The Supreme Court has held that when allegations within a complaint are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion," a federal court lacks subject-matter jurisdiction to adjudicate the claim. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations omitted). For example, we have affirmed the dismissal of claims that the federal government "conspired to use [a plaintiff] for mind experiments, targeted him with 'Remote Neural Monitoring,' harassed him using 'Voice to Skull' technology, and otherwise remotely monitored and controlled his thoughts, movements, sleep, and bodily functions." *Starrett v. Lockheed Martin Corp.*, 735 F. App'x 169, 169–70 (5th Cir. 2018) (unpublished). Here, the Plaintiffs similarly alleged the federal government targeted them with "Directed Energy Weapon Attacks," "Voice-to-Skull" technology, electronic hacking, and "organized stalking" due to their placement on a secret "blacklist" within the Terrorist Screening Dataset (TSDS)—which, according to their allegations, they have never seen or

otherwise confirmed—reserved for those who do not meet the normal standard to be on the TSDS. The district court correctly dismissed these claims as frivolous.[2]

Second, the district court properly dismissed certain Plaintiffs' Privacy Act claims without prejudice because the Plaintiffs failed to exhaust their administrative remedies. The Plaintiffs' claims that the Defendants violated the Privacy Act by failing to respond to requests for records are subject to the jurisprudential exhaustion doctrine. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 476–78 (5th Cir. 1997). On appeal, although the Plaintiffs briefly state the district court should have reached the merits of these claims, they do not argue they fully exhausted them or that any exceptions to exhaustion apply. Any such challenge to the dismissal of these claims is therefore forfeited. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021). Further, the Plaintiffs do not argue that their remaining Privacy Act claims that the district court did not dismiss are likely to succeed on their merits. That argument is therefore also forfeited. *See id.*

For these reasons, the district court correctly concluded the Plaintiffs' claims are unlikely to succeed on the merits. The Plaintiffs have forfeited the remaining preliminary injunction factors by failing to brief them on appeal. *See id.* Accordingly, the district court did not abuse its discretion in denying the Plaintiffs' request for a preliminary injunction.

DISMISSED IN PART; AFFIRMED IN PART.

---

[2] Because the district court correctly dismissed the Plaintiffs' constitutional and APA claims for lack of subject-matter jurisdiction, we need not address its alternative reasons for dismissing these claims.