# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2021

Lyle W. Cayce
Clerk

No. 20-20274
Summary Calendar

Kevin Abimael Ochoa-Castillo,

*Plaintiff—Appellant*,

*versus*

Wallace L. Carroll, *Acting Director*, Houston Field Office, U.S. Citizenship and Immigration Services; Kenneth T. Cuccinelli, *Acting Director*, U.S. Citizenship and Immigration Services; Chad F. Wolf, *Acting Secretary*, U.S. Department of Homeland Security; Jeffrey A. Rosen, Acting U.S. Attorney General,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-878

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20274

The district court dismissed Kevin Abimael Ochoa-Castillo's lawsuit challenging the United States Customs and Immigration Service's (USCIS) denial of his petition for Special Immigrant Juvenile (SIJ) status.[1]  Ochoa-Castillo appeals, contending that he plausibly alleged violations of the Administrative Procedure Act (APA).  We AFFIRM.

## BACKGROUND

Ochoa-Castillo is a native and citizen of Honduras.  After entering the United States without inspection on July 31, 2015, he and his mother were detained and placed in removal proceedings.  On February 1, 2016, in an apparent effort to obtain SIJ immigration status, Ochoa-Castillo petitioned the 313th District Court, in Harris County, Texas, for a declaratory judgment.  On March 23, 2016, the court granted the petition, declaring that:

> [The Petitioner] has been abused, abandoned and/or neglected by his father, . . . [;] is a dependent of the court in that there is no parent able to care for him in his home country of Honduras[;] reunification with [the Petitioner's] father . . . is not viable due to abuse, abandonment or neglect or a similar basis found under Texas law[; and] that it is not in the [Petitioner]'s best interest to be returned to his previous country of nationality, and country of last habitual residence, Honduras.

---

[1] "SIJ status provides a path for certain children to become lawful residents of the United States." *Budhathoki v. Nielsen*, 898 F.3d 504, 508 (5th Cir. 2018).  Under 8 U.S.C. § 1101(a)(27)(J), SIJ status is available to "children whom a juvenile court has placed under the custody of a person or entity appointed by a state or juvenile court." *Id.* (citation omitted).  To seek SIJ status, "[o]nce the applicant has the necessary predicate order, he must submit his application to the [USCIS] agency, attaching the state court order." *Id.* So, "a state court must make initial determinations, and the USCIS then considers if they match the requirements for SIJ status." *Id.* at 509.

After receiving the state-court declaration, Ochoa-Castillo petitioned the USCIS for SIJ status. On March 19, 2018, the USCIS denied Ochoa-Castillo's petition for SIJ status, and Ochoa-Castillo appealed the denial to the USCIS's Administrative Appeals Office (AAO). On November 28, 2018, the AAO dismissed Ochoa-Castillo's appeal, concluding Ochoa-Castillo was not eligible for SIJ status because the state-court declaration attached to his petition did not qualify as a dependency order under 8 U.S.C. § 1101(a)(27)(J) because it did not address Ochoa-Castillo's custody or supervision.

Four months later, Ochoa-Castillo filed this suit in federal district court, seeking to set aside the denial of his SIJ petition. In his second-amended complaint, Ochoa-Castillo contended that the USCIS violated the APA. According to Ochoa-Castillo, the USCIS's 2016 Policy Manual constituted a substantive rule triggering the APA's notice-and-comment requirements, which the USCIS did not follow. Ochoa-Castillo further contended that the defendants denied his petition for SIJ classification by using new standards espoused in the Policy Manual to his detriment. Alternatively, Ochoa-Castillo asserted that the USCIS arbitrarily and capriciously denied his SIJ petition.

The district court disagreed and dismissed Ochoa-Castillo's complaint for failure to state a claim. Ochoa-Castillo appeals, contending that the district court erred in granting defendants' Rule 12(b)(6) motion.

## DISCUSSION

We review a Rule 12(b)(6) dismissal de novo, accepting all well-pled facts as true and construing them in the plaintiff's favor. *Jackson v. City of Hearne*, 959 F.3d 194, 200 (5th Cir. 2020). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the

speculative level.'" *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)).  Here, Ochoa-Castillo contends that the district court erred by granting defendants' Rule 12(b)(6) motion to dismiss because he asserted plausible claims.  We disagree.

In his second-amended complaint, Ochoa-Castillo alleged that USCIS violated the APA by using a Policy Manual that did not undergo the APA's notice-and-comment process and that the defendants denied his petition for SIJ classification by using new standards espoused in the Policy Manual to his detriment.[2]  But as noted by the district court, even taking the notice-and-comment assertion as true, Ochoa-Castillo still failed to provide any explanation of how the Policy Manual affected the adjudication of his SIJ application.  Although the Policy Manual was referenced in USCIS's denial, Ochoa-Castillo's SIJ application was denied because his state court order did not qualify as a dependency order under 8 U.S.C. § 1101(a)(27)(J).  *See Budhathoki*, 898 F.3d at 513.  Accordingly, we agree with the district court that Ochoa-Castillo has failed to state a plausible claim for relief under the APA.

Ochoa-Castillo also contended that the USCIS arbitrarily and capriciously denied his petition because the USCIS has previously granted SIJ status to other petitioners using state-court orders with the same language as his order (i.e., state-court orders that likewise did not address custody). The district court found that Ochoa-Castillo failed to state a plausible claim in this regard because, even taking his assertions as true, the USCIS "is not required to approve applications or petitions where eligibility has not been

---

[2] The APA requires agencies to subject their substantive rules to notice and comment.  *See* 5 U.S.C. § 553.

demonstrated, merely because of prior approvals which may have been erroneous." *Matter of Church Scientology Int'l*, 19 I. & N. Dec. 593, 597 (1988). We agree. As we clarified in *Budhathoki*, "before a state court ruling constitutes a dependency order, it must in some way address custody or at least supervision." 898 F.3d at 513; *see also* 8 U.S.C. § 1101(a)(27)(J)(i). Ochoa-Castillo's state-court order does not meet this requirement.

The district court's judgment is AFFIRMED.