# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2021

Lyle W. Cayce
Clerk

No. 19-11029

Center for Inquiry, Incorporated; Arthur Bratteng;
Eric McCutchan,

*Plaintiffs—Appellants*,

*versus*

John F. Warren,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No 3:18-CV-2943

Before King, Graves, and Oldham, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:*

The Center for Inquiry ("CFI") is a membership organization devoted to the pursuit of ethical alternatives to religion and the promotion of secular humanism. As part of that mission, it trains and certifies secular celebrants to perform non-religious marriage ceremonies that are consistent

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

1

with the ideals and principles of secular humanism. A Texas statute allows officers of religious organizations—but not secular celebrants—to conduct marriage ceremonies, and the Dallas County Clerk allegedly enforces that statute by refusing to record marriage licenses signed by secular celebrants. CFI and two of its members challenge the constitutionality of the statute.

We conclude that the plaintiffs do not satisfy the redressability requirement of standing. We therefore VACATE the district court's judgment and DISMISS the case for lack of subject matter jurisdiction.

## I. Background

Arthur Bratteng and Eric McCutchan are members of CFI who have been trained and certified as secular celebrants. McCutchan resides in Dallas County, while Bratteng resides a few hours south in Travis County. Both men wish to conduct marriage ceremonies and have been asked to officiate multiple weddings. But Texas law does not allow them to do so.

Section 2.202(a) of the Texas Family Code specifies that "a licensed or ordained Christian minister or priest," "a Jewish rabbi," "a person who is an officer of a religious organization and who is authorized by the organization to conduct a marriage ceremony," and retired and current judges are the only people "authorized to conduct a marriage ceremony." TEX. FAM. CODE § 2.202(a). It is a crime to knowingly conduct a marriage ceremony without legal authorization. *Id.* § 2.202(c). Further, at least according to the complaint filed in this case, the Dallas County Clerk "has not and will not record licenses" signed by someone who is not legally authorized to perform a marriage ceremony. *See id.* § 2.206(a) (requiring a person who conducts a marriage ceremony to sign the marriage license and return the license to the county clerk who issued it); *id.* § 2.208(a) ("The county clerk shall record a returned marriage license . . . .").

No. 19-11029

Bratteng, McCutchan, and CFI sued John F. Warren, the Dallas County Clerk, in his official capacity under 42 U.S.C. § 1983 seeking declaratory and injunctive relief. Among other things, they claimed that § 2.202(a) violates the Establishment Clause by allowing officers of religious organizations to conduct marriage ceremonies but denying that right to secular celebrants. To remedy that constitutional violation, they asked for—again among other things—a declaratory judgment "compelling John F. Warren, in his capacity as Dallas County Clerk, to accept marriages conducted by Eric McCutchan and Arthur Bratteng in their capacity as secular celebrants certified with the Center for Inquiry," as well as injunctive relief "enjoining John F. Warren, in his capacity as Dallas County Clerk, from precluding secular celebrants like Eric McCutchan and Arthur Bratteng from conducting marriage ceremonies."

Arguing that the plaintiffs lacked standing and that § 2.202(a) was constitutional, the Dallas County Clerk moved the district court to dismiss the complaint under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court rejected the Dallas County Clerk's arguments regarding standing, because "[d]iscriminatory treatment at the hands of the government is an injury 'long recognized as judicially cognizable.'" *Ctr. for Inquiry, Inc. v. Warren*, No. 18-2943, 2019 WL 3859310, at *4 (N.D. Tex. Aug. 16, 2019) (quoting *Tex. Cable & Telecomms. Ass'n v. Hudson*, 265 F. App'x 210, 218 (5th Cir. 2008)). The district court nevertheless concluded that § 2.202(a) was constitutional and therefore dismissed the complaint for failure to state a claim upon which relief could be granted. *Id.* at *17. The plaintiffs filed a timely notice of appeal.

## II. Standard of Review

We review a district court's decision to grant a motion to dismiss de novo. *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018). To survive a

motion to dismiss, the "plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984); *see also Inclusive Cmtys. Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 658 n.16 (5th Cir. 2019) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992))). We "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). Nevertheless, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions," as "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

## III. Standing

"The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (internal quotation marks omitted). In addition to this independent obligation, the Dallas County Clerk advances standing as an alternative ground for dismissing this case. We must therefore decide whether the plaintiffs have sufficiently established standing.

To satisfy the prerequisites of Article III standing, an individual plaintiff must show that: (1) he suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there is a causal

No. 19-11029

connection between the injury and the challenged conduct of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Moore v. Bryant*, 853 F.3d 245, 248–49 (5th Cir. 2017) (citing *Lujan*, 504 U.S. at 559–60).

To demonstrate redressability, a plaintiff must establish that the practical consequence of a declaration "would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered." *Utah v. Evans*, 536 U.S. 452, 464 (2002); *see also Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992). Where there is "a significantly more speculative likelihood of obtaining relief," redressability is missing. *Utah*, 536 U.S. at 464.

The appellants are seeking relief that would essentially compel John F. Warren, in his capacity as Dallas County Clerk, to record marriages conducted by secular celebrants such as themselves. However, even if such relief were hypothetically granted, it would not fully redress the injuries for which the appellants bring suit. Here, the appellants' injuries relate to the barrier to legally solemnize marriages. But even if they prevail in this litigation, relief would be incomplete because the appellants would still be subject to criminal prosecution. In other words, the barrier to legally solemnizing marriages would nevertheless remain.

As the appellants themselves highlight, if they "perform the marriages couples desire them to perform, they will certainly commit a misdemeanor offense." "The Texas Marriage Law makes it a *crime* to solemnize a marriage ceremony without authorization." *See* Tex. Fam Code. § 2.202(c). As the appellants readily and repeatedly recognize, the threat of prosecution is why they have not officiated over weddings, despite multiple requests. Even if John F. Warren were recording licenses signed by the appellants, they would still be open to prosecution for "knowingly conduct[ing] a marriage

ceremony without authorization under [Tex. Fam Code § 2.202]." The County Prosecutor is not a party in this case, and the Dallas County Clerk does not prosecute or investigate criminal offenses. *See generally* Tex. Loc. Gov't Code. A favorable decision would not fully redress the appellants' purported injury and eradicate the barrier to legally solemnizing marriages. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973) (finding absence of standing where even if plaintiff, seeking to enjoin discriminatory application of Texas law that criminalized the failure to pay child support of only parents of legitimate children, were granted the requested relief of prosecuting the father of her illegitimate child, it was speculative that relief would actually result in payment). Accordingly, the appellants ask for relief that does not remedy the claimed injury in full. *Cf. Ctr. for Inquiry v. Marion Circuit Court Clerk*, 758 F.3d 869 (7th Cir. 2014) (finding similar Indiana marriage law to discriminate against CFI and its secular celebrants, where *both* the county clerk and county prosecutor were named as defendants). The appellants lack standing to maintain this suit, and the lower court lacked jurisdiction to entertain it.

## IV. Conclusion

For the foregoing reasons, we conclude that the plaintiffs do not have standing to bring the present action. Accordingly, the judgment of the district court is VACATED, and the case is DISMISSED for lack of subject matter jurisdiction.

No. 19-11029

KING, *Circuit Judge*, concurring:

The panel correctly dismisses this case, where the appellants allege that TEX. FAM. CODE § 2.202 is unconstitutional and prevents them from "lawfully and validly" officiating marriages. The appellants invite us to enjoin only the Dallas County Clerk "from precluding them from conducting marriage ceremonies." But the Dallas County Clerk is "a state official who is without any power to enforce the complained-of statute." *Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) (en banc). Beyond empowering the appellants' violations of Texas law, enjoining this particular defendant would be a meaningless gesture. I concur in Judge Graves's opinion for the court.