# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2021

Lyle W. Cayce
Clerk

No. 20-50334
Summary Calendar

Ramon J. Jeanmarie,

*Plaintiff—Appellant*,

*versus*

Charles P. Rettig, *Commissioner, U. S. Internal Revenue Service*; Barbara Mattingly, *IRS Agent*; Mike Sanchez, *IRS Agent*; Charles Slagle, *IRS Agent*; Louis DeJoy, *Postmaster General of the United States*; Unknown Agents of the United States Postal Service, (to be named); Secretary of the Navy; U. S. Unknown Agents of the Secretary of the U. S. Navy, (to be named); U. S. Office of Personnel Management; United States of America (IRS),

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-52

Before King, Smith, and Wilson, *Circuit Judges*.

No. 20-50334

Per Curiam:*

In this action, Ramon J. Jeanmarie sued the Internal Revenue Service (IRS), IRS officials, and other agencies and officials of the United States Government. He sought damages arising from the taxation of pension benefits paid to him by the Office of Personnel Management (OPM), the termination of his employment by the Long Beach Naval Shipyard, his suspension from hiring by the United States Postal Service (USPS), and his federal income-tax liabilities from various years. The district court dismissed Jeanmarie's second amended complaint for failure to state a claim, failure to exhaust administrative remedies, and lack of jurisdiction. Aggrieved, Jeanmarie appeals. We AFFIRM.

We review the granting of a motion to dismiss de novo. *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018). We review the denial of a motion for leave to amend for abuse of discretion. *Crostley v. Lamar Cnty., Texas*, 717 F.3d 410, 420 (5th Cir. 2013).

Jeanmarie first asserted a claim for damages under 26 U.S.C. § 7433. Pursuant to § 7433(d)(1), "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." To exhaust administrative remedies, a taxpayer must submit a claim "in writing" to the IRS. 26 C.F.R. § 301.7433–1(e)(1). Among other things, the claim must include the "grounds, in reasonable detail, for the claim," a "description of the injuries incurred by the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

taxpayer," and the "dollar amount of the claim." 26 C.F.R. § 301.7433–1(e)(2).

Jeanmarie did not meet these requirements. To begin, he never alleged that he exhausted administrative remedies, and there is nothing in the record to indicate that he did so. Though Jeanmarie sent the IRS a letter requesting a refund in 2017, this letter did not specify the grounds for § 7433 damages, the injuries he suffered, or a dollar amount for his claim. Jeanmarie's 2017 letter therefore did not suffice to exhaust administrative remedies. Nor did his in-person visits to the IRS, which were not claims "in writing." 26 C.F.R. § 301.7433–1(e)(1). Accordingly, the district court properly dismissed Jeanmarie's § 7433 claim for failure to exhaust administrative remedies.

Next, Jeanmarie claimed a refund under 26 U.S.C. § 7422. To claim a refund, one must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402–2(b)(1). Such a claim "must be verified by a written declaration that it is made under the penalties of perjury" and "be made on Form 1040X." *Id.*; 26 C.F.R. § 301.6402–3(a)(2).

Again, Jeanmarie did not meet these requirements. Jeanmarie's 2017 letter did not include a sworn declaration or a Form 1040X. Moreover, Jeanmarie never perfected his informal letter by filing a formal claim with the required documents. Given those deficiencies, the district court properly dismissed Jeanmarie's § 7422 claim for lack of jurisdiction. *See BNSF Ry. Co. v. United States*, 775 F.3d 743, 758 (5th Cir. 2015) ("[A] taxpayer's subsequent failure to file a formal claim bar[s] the court from exercising any jurisdiction over the claim.") (citation and internal quotation marks omitted).

Finally, Jeanmarie contends that the district court abused its discretion by denying his third motion to amend his complaint. We disagree. Jeanmarie had already amended his complaint twice. *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs had "already twice amended their complaint"). And Jeanmarie did "not explain what would be accomplished by further amendment . . . ." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 789 (5th Cir. 2020). The district court therefore did not abuse its discretion by denying Jeanmarie leave to amend.

As for his remaining claims, Jeanmarie concedes to dismissal of the unnamed defendants. Further, Jeanmarie makes no argument regarding the USPS, OPM, or Navy in his opening brief. Accordingly, he has waived any issues as to these parties. *United States v. Elashyi*, 554 F.3d 480, 494 n. 6 (5th Cir. 2008).

The district court's judgment is AFFIRMED.